UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:16-cv-00352-SVW-MRW | Date | May 23, 2016 |
|---|---|---|---|
| Title | Glenda Lawrence v. Provident Savings Bank, FSB | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO REMAND [12]

### I.  Background

On January 13, 2016, plaintiff Glenda Lawrence ("Plaintiff" or "Lawrence") filed a class action complaint against Provident Savings Bank, FSB ("Defendant" or "Provident") in Riverside County Superior Court. Dkt. 1-2. In the complaint, Plaintiff alleged five claims: (1) breach of contract; (2) unconscionability; (3) unjust enrichment; (4) violation of the Electronic Fund Transfer Act and Regulations; and (5) violation of 12 U.S.C. § 1463 and usury. *Id.* Defendant removed the case to this Court on February 26, 2016, on the basis of federal question jurisdiction and supplemental jurisdiction. Dkt. 1.

On April 4, 2016, Plaintiff filed a first amended complaint ("FAC"). Dkt. 9. Plaintiff's FAC alleges four claims: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL") and (4) unjust enrichment. *Id.*

On April 25, 2016, Plaintiff filed a motion to remand, on the basis that the Court lacks subject matter jurisdiction over the FAC. *See* Dkt. 12. For the reasons stated below, the Court GRANTS Plaintiff's motion to remand.[1]

---

[1] Though Plaintiff's motion is described as a motion to remand to San Bernardino County Superior Court, the Court remands the case to the court from which it was removed. *See Pace v. Peters*, 524 F. App'x 532, 537 (11th Cir. 2013).

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00352-SVW-MRW | Date | May 23, 2016 |
|---|---|---|---|
| Title | Glenda Lawrence v. Provident Savings Bank, FSB | | |

**II.    Federal Question in the FAC**

Plaintiff no longer has any federal causes of action in her FAC. Nonetheless, Defendant argues that there is still federal question jurisdiction or, in the alternative, the Court should retain supplemental jurisdiction. *See* Dkt. 13 at 1–3.

Defendant asserts that the Court still has federal question jurisdiction under the FAC because Plaintiff's UCL claim is premised on Regulation E.[2] *Id.* at 12. Thus, Defendant argues "Plaintiff's claims are entirely dependent on her interpretation of the language in the federally mandated opt-in form," making this a Regulation E claim. *Id.* at 13. Defendant contends that Plaintiff's allegations under the unfairness prong of the UCL are conclusory (and therefore should be disregarded). *Id.* at 13–14. And even if the Court accepts Plaintiff's allegations, Defendant argues that the Court should find that Plaintiff's claim necessarily raises a federal issue under the California Supreme Court's decision in *Cel-Tech*. *Id.* at 14–16. Finally, Defendant argues that the Court should find that the application of the UCL's safe harbor provision creates a substantial federal question. *Id.* at 16–18.

Federal question jurisdiction provides federal district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arise[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal quotation marks omitted).

Under the well-pleaded complaint rule, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). *See also Moralez v. Kern Sch. Fed. Credit Union*, No. 1:15-CV-01444-DAD, 2016 WL 2756427, at *3 (E.D. Cal. May 12, 2016) (finding that "to the extent plaintiff's UCL claim rests on an alternative state law theory, no federal question jurisdiction attaches").

"Federal district courts are 'courts of limited jurisdiction,' possessing 'only that power authorized

---

[2] 12 C.F.R. § 1005, *et seq.*

| | | : | |
|---|---|---|---|
| | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00352-SVW-MRW | Date | May 23, 2016 |
|---|---|---|---|
| Title | Glenda Lawrence v. Provident Savings Bank, FSB | | |

by Constitution and statute.'" *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The Court finds that the FAC does not contain a claim that independently confers subject matter jurisdiction. The analysis in *Moralez* is persuasive.[3] In *Moralez*, the court found that a plaintiff bringing claims of inappropriate overdraft fees based on the checking account customers' "available balance" rather than on their "actual balance" did not confer federal subject matter jurisdiction. 2016 WL 2756427 at *1. The court rejected the defendant's argument that the court should address federal defenses under the UCL's safe harbor doctrine because it found that the safe harbor doctrine acted like an affirmative defense rather than a pleading requirement.[4] *Id.* at *2. And the court observed that California courts are split on whether to apply the tethering test or the balancing test. *Id.* at *4. The court looked to the allegations in the operative complaint and found that the plaintiff "alleged sufficient facts to state a plausible claim under the balancing test without reliance on federal law." *Id.* at *5.

Here, as in *Moralez*, the Court finds that Plaintiff's UCL claim is supported by an independent theory based on state law that does not require the application of federal law. In her UCL claim, Plaintiff alleges that Defendant's overdraft practice is actionable under the unlawful prong of the UCL because it violates federal law. FAC ¶ 66. Plaintiff also alleges that:

> Defendant's practice is also unfair since it has no utility and, even if it did, any utility is outweighed by the gravity of harm to Plaintiff and the Class members. Defendant's practice is also immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits. Further, Defendant's practice contravenes

---

[3] Though this is not the first case to deal with similar claims, it is the most developed. In the brief unpublished order in *Hernandez v. Point Loma Credit Union*, No. 16-CV-146-LAB(MDD), the District Court for the Southern District of California found that the there was no subject matter jurisdiction for a complaint alleging that the defendant's method of assessing overdraft fees violated federal law but implying alternative theories and alleging violations of the unfair prong of the UCL. Dkt. 12-1, Ex. 1. at 2.

[4] *See also PeopleBrowsr, Inc. v. Twitter, Inc.*, No. C-12-6120 EMC, 2013 WL 843032, at *3 (N.D. Cal. Mar. 6, 2013); *Medina v. Performance Auto. Grp., Inc.*, 841 F. Supp. 2d 1121, 1127 (E.D. Cal. 2012); *Muller v. Auto Mission, Ltd.*, No. 13-CV-00304-NC, 2013 WL 1996916, at *5–6 (N.D. Cal. May 13, 2013).

| | : |
|---|---|
| Initials of Preparer | PMC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00352-SVW-MRW | Date | May 23, 2016 |
|---|---|---|---|
| Title | Glenda Lawrence v. Provident Savings Bank, FSB | | |

> express legislative policy, as set forth in the above-mentioned statutes and regualtions [sic], and other relevant statutes, regulations and comments.

*Id.* ¶ 67. Thus, like the complaint in *Moralez*, Plaintiff's FAC alleges unfair conduct under both the tethering test (which arguably would make federal law an essential element) and the balancing test (which does not require the application of federal law). *See* 2016 WL 2756427 at *4. And as in *Moralez*, Plaintiff has alleged sufficient facts to state a plausible claim under the balancing test. Plaintiff alleges that Defendant charges overdraft fees in situations when they have a positive balance in their account, sufficient to pay for the charges. FAC ¶ 34. Plaintiff alleges that this practice results in insufficient fund funds fees and additional fees that would not have been charged but for Defendant's practices. *Id.* ¶¶ 6, 33. And Plaintiff alleges that Defendant could instead use the actual balance rather than the internal available balance to determine whether there are sufficient funds in the account. *Id.* ¶ 34. Plaintiff further alleges that Defendant renders no service for its fees. *See id.* ¶¶ 36–37. Given that Plaintiff has alleged a plausible state-law based theory under the unfairness prong of the UCL, the Court finds that the FAC does not create independent federal subject matter jurisdiction.

### III. Remand

But even though Plaintiff does not state a federal claim in her FAC, this does not necessarily require that the Court remand the case to state court. An amended complaint "supersedes the original, the latter being treated thereafter as non-existent," *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). But courts "determine whether removal was appropriate by considering the complaint as it existed at the time of removal." *Abadam v. State of Hawaii*, 248 F.3d 1169 (9th Cir. 2000). Thus courts "determine whether removal jurisdiction based on a federal question existed by considering [the removed] Complaint." *Id.* Accordingly the question of subject matter jurisdiction depends on the initial complaint which indisputably contained claims arising under federal law.

Although Defendant properly removed this case invoking the Court's federal question jurisdiction, in light of Plaintiff's dismissal of her two federal claims, the question now is whether the Court should exercise supplemental jurisdiction over the remaining state law claims. The exercise of supplemental jurisdiction is discretionary, not a matter of right. *See* 28 U.S.C. § 1367(c); *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001) ("While 28 U.S.C. § 1367 grants federal courts supplemental jurisdiction, the United States Supreme Court has held that district courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity. . . . These rules make clear that the district court had discretion to decline to exercise

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00352-SVW-MRW | Date | May 23, 2016 |
|---|---|---|---|
| Title | Glenda Lawrence v. Provident Savings Bank, FSB | | |

jurisdiction on the state law claims."). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Normally, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (absent unusual circumstances courts should decline supplemental jurisdiction when federal claims have been eliminated before trial).

Defendant contends that the case should not be remanded for several reasons. First, Defendant argues that Plaintiff is attempting to engage in impermissible forum shopping. Dkt. 13 at 2 n.1; 10 n.4. The Court recognizes that in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), the Supreme Court noted that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.* at 357.

However, the Ninth Circuit has viewed remand favorably in similar circumstances. *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490–91 (9th Cir. 1995) ("Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision . . ."). Several courts in this circuit have since followed *Baddie* and have "concluded that allegations of forum-shopping do not preclude remand where a defendant fails to raise other viable concerns." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1209 (C.D. Cal. 2013); *see, e.g., Park General, Inc. v. Namvar*, 2009 WL 1705611 (C.D. Cal. June 16, 2009); *Deomampo v. Wells Fargo Bank*, 2009 WL 1764533 (N.D. Cal. June 19, 2009); *East Bay Drivers Ass'n v. Kaur*, 2003 WL 21439216 (N.D. Cal. June 9, 2003).

Alternatively, Defendant argues that the *Gibbs* factors weigh against remanding this case to state court. Defendant essentially argues that the case is so tightly connected to Federal Reserve regulations, here Regulation E, that the Court should retain the case. Dkt. 13 at 7–11. Defendant argues that Plaintiff's breach of contract claim is premised on a purported breach of an opt-in agreement that is a

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00352-SVW-MRW | Date | May 23, 2016 |
|---|---|---|---|
| Title | Glenda Lawrence v. Provident Savings Bank, FSB | | |

verbatim reproduction of Regulation E's model form. *Id.* at 8. Defendant will use Regulation E as a safe harbor defense to Plaintiff's UCL claim and a preemption defense to Plaintiff's unjust enrichment claim. *Id.* at 9–10.

      The Court finds that remand is appropriate. Plaintiff initially filed this action in state court. Defendant removed the action on the basis of two federal claims in the complaint. Plaintiff subsequently filed her FAC under Federal Rule of Civil Procedure 15(a)(1). The FAC eliminated the federal claims that originally conferred jurisdiction on this Court. Under 28 U.S.C. § 1367(c)(3), the Court now exercises its discretion to remand the supplemental state law claims. Not only do the state law claims predominate over any federal issues (as there are no longer any federal claims), but principles of comity also favor remand. Though the Court acknowledges that there may be some federal issues that will be in dispute based on Plaintiff's state law claims, Defendant has not offered a sufficient reason to find the circumstances of this case are sufficiently unusual to tip the usual balance of the *Gibbs* factors. The case is in its early stages, the Court has expended few federal resources in presiding over this case thus far, and the state court is more familiar with the Plaintiff's state-law causes of action.

### IV.    Order

      For the aforementioned reasons, the Court GRANTS Plaintiff's motion to remand.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |